|   |   |
|---|---|
| **UNITED STATES DISTRICT COURT** | |
| **DISTRICT OF NEVADA** | |
| MICHAEL RENO and ERIC KIEFABER, | Case No.: 2:18-cv-00840-APG-NJK |
| Plaintiffs, | **ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT** |
| v. | |
| WESTERN CAB COMPANY, HELEN TOBMAN MARTIN, MARILYN TOBMAN MORAN, JANIE TOBMAN MOORE, MARTHA SARVER, and JASON AWAD, | [ECF No. 63] |
| Defendants, | |

Plaintiffs seek leave to file a second amended complaint to add six named plaintiffs. ECF No. 63. Five of the proposed plaintiffs—Dennis Rhoades, Jason Harris, Premier Tamayo, Wilfredo Allanigue, and Aries Bihasa—previously filed consents to join the existing FLSA action. ECF Nos. 44, 56, 59. The sixth proposed plaintiff, Marco Bakhtiari, wishes to assert only state law claims.

In a prior order, I declined to exercise supplemental jurisdiction over the state law claims. ECF No. 67. I therefore deny as moot the plaintiffs' motion for leave to amend in regard to the proposed plaintiffs' state law claims. The remainder of this order concerns the proposed amendments relating to the FLSA claims.

The defendants argue that the motion should be denied because it does not meet the joinder requirements of Federal Rule of Civil Procedure 20. ECF No. 65. Specifically, the plaintiffs fail to show that the proposed claims are based on the same transaction or occurrence as the claims in the first amended complaint because the plaintiffs do not attach an individualized declaration or affidavit of factual support for any of the five proposed FLSA plaintiffs. The

defendants also argue that because each driver uses his own car as a taxi, each has unique fares, commissions, gasoline expenditures, and payments, resulting in separate transactions and occurrences. The plaintiffs reply that there is no individualized requirement under Rule 20, and that the factual allegations included in their proposed second amended complaint are sufficient for joinder under Rule 20.

"Under the Rules . . . , joinder of claims, parties, and remedies is strongly encouraged." *United Mine Workers of America v. Gibs*, 383 U.S. 715, 724 (1966). And "permissive joinder is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes . . . ." *League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977). I may allow the permissive joinder of parties if "(A) [the proposed parties] assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1).

The parties do not dispute that the proposed plaintiffs' claims involve the same questions of law and fact as those of the existing plaintiffs. Moreover, the claims of the proposed new plaintiffs arise out of the same transactions or occurrences as those alleged by the current plaintiffs. The proposed second amended complaint alleges that all plaintiffs "are current or former taxicab driver employees of the defendants" whose "hourly compensation, when calculated pursuant to the requirements of . . . the FLSA did not equal at least the minimum hourly wage required by those laws" due to the defendants' policy of "requiring their taxi drivers to pay the fuel costs of Western Cab's taxi cabs from their tips." ECF No. 63 at 8, 10, and 17. These claims sufficiently tie the transactions and occurrences of the proposed plaintiffs to those

of the existing plaintiffs, even if the specific employment details might vary at the individual level. *See Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1375-76 (9th Cir. 1980) (finding that "courts have shown a strong liberality in allowing parties to amend their pleadings when such amendments have satisfied the explicit requirements of the rules.").

I therefore grant the plaintiffs' motion for leave to amend and add plaintiffs Dennis Rhoades, Jason Harris, Premier Tamayo, Wilfredo Allanigue, and Aries Bihasa as to the FLSA claims only.

IT IS THEREFORE ORDERED that the plaintiffs' motion for leave to file a second amended complaint **(ECF No. 63)** is **GRANTED** in part. The plaintiffs shall revise their proposed second amended complaint to comply with this order and my prior order regarding the state law claims. The plaintiffs shall file and serve that pleading within 14 days of entry of this order.

DATED this 15th day of January, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE