# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MICHAEL RENO, et al.,

    Plaintiff(s),

v.

WESTERN CAB COMPANY, et al.,

    Defendant(s).

Case No.: 2:18-cv-00840-APG-NJK

**Order**

[Docket Nos. 135, 142]

This case involves FLSA claims brought for a collective action based on alleged minimum wage violations arising out of taxi drivers being forced to use their tip money to pay for gasoline. Pending before the Court is Plaintiffs' renewed motion to compel discovery, which also includes a request to extend discovery deadlines. Docket No. 135. Defendants filed an untimely response. Docket No. 141.[1] Plaintiffs filed a reply. Docket No. 145. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to compel is **GRANTED** in part and **DENIED** in part. With respect to aspects of the motion to compel that are granted, Defendants must comply by December 9, 2019. The request to extend deadlines in the scheduling order is **DENIED** without prejudice.

---

[1] Defendants have also now filed a motion to reopen the deadline for filing their untimely response to the motion to compel. Docket No. 142. Plaintiffs oppose this motion. Docket No. 146. The Court shares some of Plaintiffs concerns with Defendants' failure to comply with a clear deadline. The Court **CAUTIONS** defense counsel that he must comply with all deadlines moving forward, but the Court will consider the responsive brief despite its untimeliness in this instance. Accordingly, the motion to reopen (Docket No. 142) is **GRANTED**.

1

**I.      STANDARDS**

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). The scope of discovery is limited to nonprivileged matter that is relevant to a party's claim or defense and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *see also Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 469 (N.D. Tex. 2015) (addressing burdens following 2015 amendments to discovery rules). The party resisting discovery must specifically detail the reasons why each request is irrelevant or otherwise objectionable, and may not rely on boilerplate, generalized, conclusory, or speculative arguments. *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013). Arguments against discovery must be supported by "specific examples and articulated reasoning." *U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

**II.     ANALYSIS**

The instant discovery motion raises myriad disputes for which Plaintiffs seek judicial resolution.[2] The Court will address each dispute in turn below.

      A.     <u>ESI for Payroll and Expense Records</u>

The first dispute before the Court involves Plaintiffs' requests for production seeking all payroll records (Request for Production No. 1) and records showing the cost of gasoline (Request for Production No. 25). *See* Mot. at 6-7. This dispute has two components. First, the parties dispute whether such discovery should be taken with respect to all opt-in plaintiffs or just a subset of them. Second, the parties dispute whether Defendants have sufficiently complied with these requests, particularly with respect to the form of the discovery provided.

As to the first issue, courts do not generally permit full discovery with respect to FLSA opt-in plaintiffs because doing so would undermine the purposes of a collective action. *See, e.g.*,

---

[2] Perhaps given the presence of numerous divergent issues being presented in a single motion, the papers are at times difficult to follow. The Court reminds counsel that requests for different relief should generally be filed in separate documents. *See* Local Rule IC 2-2(b).

*Cardoza v. Bloomin' Brands, Inc.*, 1141 F. Supp. 3d 1137, 1146 (D. Nev. 2015) (discussing *Cranney v. Carriage Servs., Inc.*, 2008 WL 2457912 (D. Nev. June 16, 2008)). Plaintiffs' counsel themselves advocated for a limited approach earlier in this litigation. *See* Docket No. 79 at 2-3. Nonetheless, Plaintiffs now seek this discovery with respect to all opt-in plaintiffs. No explanation is provided except Plaintiffs' contention that compliance with these particular discovery requests is less burdensome on Defendants than other opt-in discovery will be for which representative sampling could be appropriate. *See* Reply at 3. The Court declines to take such a request-by-request approach, which will inevitably lead to disagreement between counsel and unnecessary motion practice. *But see Cardoza*, 141 F. Supp. 3d at 1145 ("Discovery is supposed to proceed with minimal involvement of the Court"). Instead, the parties must meet-and-confer on an appropriate subset of opt-in plaintiffs with respect to whom they will take discovery. The scope of these two discovery requests will be limited accordingly.

As to the second issue, a discovering party may specify the form of electronically stored information ("ESI") that it seeks; "[h]owever, in the event the parties are unable to agree to a format for ESI, Rule 34(b) allows the responding party to produce information either in the form in which it is ordinarily maintained or in a form that is reasonably usable unless otherwise ordered by the court." *FSP Stallion 1, LLC v. Luce*, Case No. 2:08-cv-01155-PMP-PAL, 2009 WL 2177107, at *4 (D. Nev. July 21, 2009); *see also* Fed. R. Civ. P. 34(b)(2)(E)(ii). In this case, Plaintiffs' motion is predicated on an earlier production of paper documents in response to these requests for production. *See* Mot. at 4. Defendants have since supplemented their initial discovery responses (with respect to the named Plaintiffs) with electronic data after the instant motion was filed. *See* Resp. at 11. Plaintiffs in reply indicate that such production remains insufficient. *See* Reply at 5. The Court declines to weigh in on this issue given the changed circumstances and will instead allow for further meet-and-confer efforts between counsel. *Cf. Garcia v. Serv. Emps. Int'l Union*, 332 F.R.D. 351, 355 n.7 (D. Nev. 2019) ("additional in-person or telephonic conferences are generally required when the circumstances of a discovery dispute have evolved"). Indeed, this is the type of issue that counsel should be able to resolve without judicial involvement. Accordingly, the Court will **DENY** without prejudice the motion to compel with respect to the

format of the responses to these discovery requests. Counsel must continue the meet-and-confer process on this issue.[3]

B.  Affirmative Defenses

Plaintiffs also seek an order compelling further responses to two requests for production related to Defendants' affirmative defenses. *See* Mot. at 10. Request for Production No. 2 seeks "copies of all releases, waivers, or settlement agreements that purport to release or settle any actual or potential claim of any taxicab driver of the defendant for unpaid wages . . ." *See* Mot. at 80. Request for Production No. 7 provides that, "[f]or each affirmative defense asserted by the defendant, separately identify and produce all documents relevant to the defense." *See* Mot. at 82. During the meet-and-confer process, the latter request was narrowed to three specific affirmative defenses. *See* Mot. at 10. The Court will address each request for production in turn below.

1.  Request for Production No. 2

As to the request specific to settlements and the like, Defendants do not directly address that request in responding to the motion to compel. Nonetheless, Defendants make representations as to various documents produced that are responsive to this request. *See* Resp. at 14. Given this lack of clarity and Defendants' burden of persuasion in responding to the motion, the Court will **GRANT** this aspect of the motion to compel. Defendants must produce all responsive documents (to the extent they have not all been produced already) and must provide a certification that all responsive documents have been produced. *See* Fed. R. Civ. P. 26(g).

2.  Request for Production No. 7

As to the more general request now in dispute, the Court is befuddled by the request itself and by the parties' positions. As noted above, this request seeks "all documents relevant" to three affirmative defenses. A request for production must identify "with reasonable particularity each item or category of items" to be produced. Fed. R. Civ. P. 34(b)(1)(A). It is entirely improper to

---

[3] The motion to compel makes an alternative request to compel further responses regarding fuel cost information with respect to Request for Production No. 27 and Request for Production No. 28. *See* Mot. at 8-9. The information at issue therein appears to be duplicative of the information at issue in Request for Production No. 25, *see* Mot. at 10, for which the meet-and-confer process remains on-going. As such, the Court declines to opine on this alternative request.

4

frame a request for production as requiring a litigation opponent to determine and produce "all relevant documents." *See Williams v. Adams*, Case No. 1:05-cv-00124-AWI-SNS, 2009 WL 1220311, at *10 (E.D. Cal. May 4, 2009); *see also Parson v. Jefferson-Pilot Corp.*, 141 F.R.D 408, 412 (M.D.N.C. 1992) ("Broad and undirected requests for all documents which relate in any way to the complaint are regularly stricken as too ambiguous"; a request would be improper if it were "so open-ended as to call simply for documents related to a claim or defense in this action"). The request now before the Court for "all documents relevant" to these affirmative defenses is defective on its face.

Defendants do not raise this facial defect and instead characterize the request as a "contention interrogatory" seeking the documents on which Defendants may rely to support the affirmative defenses. *See* Resp. at 14-15. The discovery at issue is a request for the production of documents and not an interrogatory. To the extent Plaintiffs seek the identification of the documents that Defendants will use to support these affirmative defenses, then that is a matter to be addressed by propounding a contention interrogatory. *See* Fed. R. Civ. P. 33(a)(2).[4] It does not appear from the papers that a contention interrogatory has been served. Moreover, the Court notes that the parties already have an affirmative disclosure obligation with respect to documents on which they intend to rely to support their defenses even in the absence of a request for production. Fed. R. Civ. P. 26(a)(1)(A)(ii) (outlining initial disclosure obligations); *see also* Fed. R. Civ. P. 26(e)(1) (outlining supplemental disclosure obligations).

Given the circumstances, the Court will **DENY** this aspect of the motion to compel. The parties must comply with their initial disclosure obligations. To the extent Plaintiffs seek information obtainable through a contention interrogatory, then they must comply with the interrogatory procedures.

---

[4] Parties are allowed a limited number of interrogatories. *See* Fed. R. Civ. P. 33(a)(1). It is not clear whether further interrogatories remain available to Plaintiffs at this juncture.

### C. Identification and Contact Information of Former Supervisors

Plaintiffs next seek an order compelling a further response from Defendants to an interrogatory seeking the identity and contact information of former supervisors. Mot. at 11.[5] In particular, Defendants' interrogatory response identified John Hickman, but provided no contact information for him. *See id.* Defendants do not dispute that they must provide this contact information, but only state tangentially that they have identified Mr. Hickman's current place of employment. *See* Resp. at 5. Defendants having provided no argument as to why they should not be compelled to provide Mr. Hickman's contact information, the Court will **GRANT** this aspect of the motion to compel.

### D. Employer Status of Individual Defendants

Plaintiffs next seek an order compelling discovery with respect to more than a dozen requests for production served on five individual defendants. *See* Mot. at 11-22. The bulk of this "argument" consists of pages of single-spaced recitation of one set of the requests for production and the responses thereto, which is then followed by generalized argument. Defendants' response to the motion similarly provides generalized argument that does not address the specific discovery in dispute. Resp. at 15-20. Because the parties have failed to provide meaningfully developed argument that is specific to each of the discovery requests in dispute, the Court's ability to provide judicial oversight is hindered. At the end of the day, however, the burden of persuasion is squarely on Defendants in seeking to avoid discovery. *See, e.g.*, *Blankenship*, 519 F.2d at 429. As discussed below, Defendants' generalized argument does not satisfy that burden.

Defendants first argue that this discovery is not relevant. *See* Resp. at 15-16. Discovery must be "relevant to any party's claim or defense," *In re Bard IVC Prods. Liab. Litig.*, 317 F.R.D. 562, 563-64 (D. Ariz. 2016), a standard that remains broad in scope, *e.g.*, *Fed. Nat'l Mortg. Assoc. v. SFR Invs. Pool 1, LLC*, Case No. 2:14-cv-02046-JAD-PAL, 2016 WL 778368, at *2 n.16 (D. Nev. Feb. 25, 2016). Defendants' argument here is premised on their distinction between joint

---

[5] In violation of Local Rule 26-7(a), Plaintiffs did not provide the text of the interrogatory at issue or the response thereto. The Court will exercise its discretion to resolve this dispute in this instance notwithstanding that deficiency, but counsel is cautioned to comply with the local rules moving forward.

6

employer liability and individual liability of managers. *See* Resp. at 15-16. According to Defendants, the standard that applies in this case involves an inquiry into whether "the individual had supervisory authority of the complaining worker and was responsible in whole or in part for the alleged violation or had control over the employer's compliance with the Act. When it comes to owners, courts engage in a detailed examination of the facts concerning the owner's involvement tin [sic] the operation of the business and the work of the employees." *Id.* at 16 (citations omitted).[6] No explanation has been provided by Defendants why any of the particular discovery requests in dispute is not relevant to those inquiries. It seems pretty clear that a request, *inter alia*, regarding an individual's "duties and responsibilities" (Request for Production No. 3) or "involvement with the determining, enforcing, or adjusting the compensation policies" (Request for Production No. 12) would be pertinent to the standards that Defendants themselves articulated. Having failed to show that any particular request is irrelevant, Defendants have not met their burden of showing they can avoid discovery on this basis.

Defendants next argue that this discovery is impermissible because Plaintiffs' counsel already knows the roles of the individual defendants based on deposition testimony and the production of a redacted management agreement. *See* Resp. at 18-20. Although not so articulated, Defendants' argument appears to be aimed at showing that the discovery is unreasonably cumulative, disproportional, or unduly burdensome. *See* Fed. R. Civ. P. 26(b)(1), Fed. R. Civ. P. 26(b)(2)(C)(i). The foundational problem with this argument is that a factual basis has not been provided on which to base such objection. *Cf. Nationstar Mrtg., LLC v. Flamingo Trails No. 7 Maintenance Assoc.*, 316 F.R.D. 327, 334 (D. Nev. 2016). Instead, Defendants' position appears to be that as a general matter a discovering party is required to accept as true any deposition testimony provided and, further, that the responding party can pick-and-choose one redacted document to produce rather than providing all responsive documents. Those propositions are fundamentally flawed. The starting point in the discovery rules is that a party is generally entitled to engage in multiple forms of discovery as a means of testing the opposing party's positions, such

---

[6] Because the outcome is the same even taking Defendants' position as true, the Court need not actually resolve the parties' dispute as to the precise legal standard for establishing liability.

7

that it is generally permissible to obtain document-based discovery and deposition testimony on the same subject. *See, e.g.*, *Riverport Ins. Co. v. State Farm Fire & Cas. Co.*, Case No. 2:18-cv-00330-GMN-NJK, 2018 WL 6435883, at *2 (D. Nev. Dec. 6, 2018). Such discovery is curtailed upon a showing that it is <u>unreasonably</u> cumulative or duplicative. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C). No reasonable showing has been made here why Plaintiffs should be cabined in this case to only depositions and obtaining one redacted document; therefore, Defendants have not met their burden of showing that they can avoid discovery on this basis.

Plaintiffs also argue that the Court should overrule Defendants' objections of attorney-client privilege and work-product protection. *See* Mot. at 20-21. In particular, Plaintiffs assert that no privilege log has been produced and that Defendants have otherwise failed to substantiate those objections. *See id.* Defendants did not respond to this argument. *See* Resp. The party raising attorney-client privilege or work-production protection bears the burden of substantiating those claims. *See, e.g.*, *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 634 (D. Nev. 2013). Having failed to do so here, Defendants' invocations of attorney-client privilege or work-production protection are rejected.

Lastly, Plaintiffs argue that Defendants' redactions to the management agreement were improper and Plaintiffs seek production of an unredacted copy. Mot. at 21-22. Defendants provide no meaningful response attempting to justify the redactions. As best the Court can gather, Defendants' position is that the redactions are appropriate on the grounds that there is confidential business information. *See* Resp. at 17-18. Such an argument fails because no showing has been made that the confidentiality of that information cannot be protected through the issuance of a stipulated protective order. *See, e.g.*, *in re iPhone/iPad Consumer Privacy Litig.*, Case No. 11-MD-2250-LHK (PSG), 2013 WL 843833, at *6 (N.D. Cal. Mar. 6, 2013). It also appears that Defendants may have redacted this document on the basis of irrelevance. *See* Resp. at 5 (noting that the specific "management provision" is not redacted). Producing parties are not generally allowed to redact otherwise responsive documents on the basis that they also contain irrelevant material. *E.g.*, *Laub v. Horbaczewski*, 331 F.R.D. 516, 526 (C.D. Cal. 2019). In short, sufficient justification for the redactions has not been advanced.

Accordingly, the Court will **GRANT** this aspect of the motion to compel in that documents responsive to these requests must be produced and an unredacted version of the management agreement must be produced.

### E. Extension of Discovery

Plaintiffs lastly seek an extension of deadlines set in the scheduling order. *See* Mot. at 22. In so doing, Plaintiffs do not identify the applicable standards or explain how they have been met. *See id.* Plaintiffs also do not comply with the requirements for seeking such an extension, such as identifying the discovery taken to date and the discovery remaining. *See* Local Rule 26-4. Indeed, Plaintiffs have not even proposed an actual schedule for completing discovery. *Compare* Local Rule 26-4(d) (requiring the submission of a proposed schedule) *with* Mot. at 23-24 (asking for 90-day, 120-day, or 180-day extensions). Accordingly, the Court will **DENY** this request without prejudice to the filing of a proper motion or stipulation that addresses the applicable standards and complies with the local rules.

## III. CONCLUSION

For the reasons discussed above, the motion to compel is **GRANTED** in part and **DENIED** in part. With respect to aspects of the motion to compel that are granted, Defendants must comply by December 9, 2019. The request to extend deadlines in the scheduling order is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: November 25, 2019

_____
Nancy J. Koppe
United States Magistrate Judge