# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL RENO, et al.,

    Plaintiff(s),

v.

WESTERN CAB COMPANY, et al.,

    Defendant(s).

Case No.: 2:18-cv-00840-APG-NJK

**Order**

[Docket Nos. 197, 198]

    Pending before the Court is are Plaintiffs' motion to extend deadlines and motion to stay discovery. Docket Nos. 197, 198. For the reasons discussed below, both motions are **DENIED** without prejudice.

## I. MEET AND CONFER

    Counsel must engage in a good faith meet and confer prior to filing a discovery motion. Local Rule 26-6(c). Such a conference must take place in person, by telephone, or by video. Local Rule IA 1-3(f). Written communication and voicemails are insufficient. *Id.* Plaintiffs support the instant motions through a declaration that their counsel left a voicemail with defense counsel the afternoon before filing the motions and that defense counsel responded by email. *See* Docket No. 197 at 13. Such efforts do not constitute a proper meet and confer, which is grounds for denying the motions.

## II. MOTION TO EXTEND

    On May 1, 2020, the Court rejected Plaintiffs' efforts to extend the expert disclosure deadline because, *inter alia*, Plaintiffs did not discuss the governing standards. Docket No. 180 at

1

1-2 n.2. The Court has also warned several times in this case that motions must be supported by recitation of the governing standards and meaningful discussion. *See, e.g.*, *id.* at 1.

Plaintiffs' pending motion to extend contains no identification of the governing standards nor meaningful discussion as to how they are met. Docket No. 197. This is troubling given the prior admonitions in this case. Moreover, this shortcoming is particularly significant here given that the motion in actuality seeks not only to extend certain deadlines, but also to revive expired deadlines. *See, e.g.*, *id.* at 6. As such, the motion is subject both to the "good cause" standard and the "excusable neglect" standard with respect to the expired deadlines. Local Rule 26-3.[1] Neither standard is identified or discussed in meaningful fashion, which is ground for denying the motion.

### III. MOTION TO STAY DISCOVERY

As noted above, the Court has cautioned in this case on several occasions that motions must be supported by legal standards and well-developed argument. Plaintiffs' motion to stay discovery consists of a single paragraph bereft of any citation to legal authority, any recitation of the governing standards, and any meaningful discussion. Docket No. 198 at 7-8. Such shortcomings are grounds for denying the motion.

### IV. CONCLUSION

For the reasons discussed above, the motion to extend/reopen deadlines and the motion to stay discovery are both **DENIED** without prejudice. In light of the multiple admonitions with respect to proper motion practice, Plaintiffs' counsel is also **WARNED** that future filing of motions that lack discussion of the applicable standards, citation to legal authority, and/or meaningful discussion may subject him to sanctions. *See, e.g.*, Fed. R. Civ. P. 11.

IT IS SO ORDERED.

Dated: August 3, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] This has already been explained to Plaintiffs' counsel elsewhere in this case. Docket No. 183 at 1.