UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Michael Reno, *et al.*, | Case No. 2:18-cv-00840-APG-BNW |
| Plaintiffs, | |
| v. | **ORDER re ECF No. 280** |
| Western Cab Company, *et al.*, | |
| Defendants. | |

Before the Court is Plaintiffs' timely motion for attorney's fees, seeking $61,492.50[1] in attorneys' fees for 187.7 hours of work and $10,375.31 in costs.[2] ECF No. 280. Defendants opposed at ECF No. 284, and Plaintiffs replied at ECF No. 287.

The Court ordered Plaintiffs to file a motion for fees and costs in connection with the original motion to compel arbitration (at ECF No. 152), the fees and costs incurred by the JAMS arbitration, and the fees and costs incurred by the motion to vacate (at ECF No. 258).[3] ECF No. 268; ECF No. 286 at 20–22.

**I.  Legal Standard**

The lodestar method is the required starting point when determining reasonable-fee awards and is calculated by "multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (citing *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)). Requests for attorney's fees must also meet the requirements of Local Rule 54-14, which requires any application to include an attorney affidavit, "[a] reasonable itemization and description of the

---

[1] Plaintiffs request an increased amount in their reply. *See* ECF No. 287 at 9. The Court, however, relies on Plaintiffs' motion and accompanying exhibits for its analysis.
[2] Leon Greenberg Professional Corporation is requesting $26,320 in fees and $10,179.40 in costs, and Gilbert Employment Law, P.C. is requesting $35,172.50 in fees and $195.90 in costs.
[3] Plaintiffs also complied with the Court's order requiring the parties to confer about the instant motion before its filing. *See* ECF No. 280-1 at 2; ECF No. 280-2 at 2.

1

work performed[,]" and "[a] brief summary" of 13 categories of information designed to elicit more information about the case and the work that the attorney performed. LR 54-14(a)–(b). After calculating a lodestar figure, the court may review the reasonableness of the award under the twelve factors adopted by the Ninth Circuit in *Kerr v. Screen Extras Guild, Inc.*:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (citation omitted). Although lodestar figures are presumed reasonable, district courts may decrease or increase them. *Hensley v. Eckerhart*, 461 U.S. 424, 434–37 (1983) (requiring a clear reason for adjusting the amount awarded and noting that, in exceptional cases, an enhancement may be warranted); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (noting that an applicant seeking more than the lodestar amount must show that it is "necessary" and reversing an enhancement of attorney's fees based on a contingency-fee agreement).

**II.     Analysis**

    **A.  Fees**

        **i.  Hourly Rates**

Here, Plaintiffs request reimbursement of 187.7 hours of work. This amount is based on

- 54.4 hours of work performed by Leon Greenberg, Esq. at an hourly rate of $475;
- 0.8 hours of work performed by Dana Sniegocki, Esq. at an hourly rate of $350;
- 1.6 hours of work performed by Leon Greenberg Professional Corporation law clerk Joseph Adamiak at an hourly rate of $125;
- 83.6 hours of work performed by Marlene Laimeche, Esq. at an hourly rate of $350;
- 47.3 hours of work performed by Gilbert Employment Law paralegals and law clerks at an hourly rate of $125.

ECF Nos. 280 at 2–3, 280-3, and 280-4 at 5, 8.

Plaintiffs assert that these hourly rates are reasonable considering the skill, experience, and reputation of the attorneys, paralegals, and law clerks who worked on this matter. ECF No. 280 at 4–6, 8–9; ECF No. 280-3 at 5. However, Defendants counter that Plaintiffs' requested rates are unreasonable and should be lowered. ECF No. 284 at 4. The Court disagrees.

"For the Las Vegas market, this court has regularly awarded fees where the hourly rates at issue [for attorneys] were between $250 and $400." *Scott v. Smith's Food and Drug Centers, Inc.*, Case No. 2:18-cv-303-JCM-VCF, 2020 WL 343642, at *2 (D. Nev. Jan. 21, 2020) (compiling cases). Moreover, in 2011, 2015, and 2018, hourly rates of $400 and $450 for an attorney with over 30 years of experience were approved in this District. *Flynn v. Love*, No. 319CV00239MMDCLB, 2022 WL 2918989, at *2 (D. Nev. July 25, 2022) (citing *Leverty & Assoc. v. Exley*, No. 3:17-cv-00175-MMD-WGC, 2018 WL 6728415 (D. Nev. Nov. 5, 2018), report and recommendation adopted in 2019 WL 913096 (D. Nev. Feb. 22, 2019)). Furthermore, this District has found hourly rates ranging between $425 and $475 for partners to be reasonable. *Aevoe Corp. v. Shenzhen Membrane Precise Electron, Ltd.*, 2012 WL 2244262 (D. Nev. June 15, 2012).

The Court finds that Mr. Greenberg's hourly rate of $475 is reasonable given his nearly 30-years of legal experience and his specialty in class-action as well as wage-and-hour lawsuits. *See* ECF No. 280-3 at 4–5.

Ms. Laimeche and Ms. Sniegocki's hourly rates of $350 are also reasonable. Ms. Laimeche has nine years of experience and specializes in violations of the Fair Labor Standards Act. *See* ECF No. 280-4 at 3. And Ms. Sniegocki has over 10 years of legal experience. *See* ECF No. 280-3 at 5.

The Court further finds that Plaintiffs' proposed hourly rate for their law clerks and paralegals is reasonable. *See Bd. of Trustees of Painters & Floorcoverers Joint Comm. v. Super Structures Inc.,* No. 218CV01364GMNEJY, 2021 WL 4443695, at *7 (D. Nev. Sept. 27, 2021)

(finding an hourly rate of $110 for law clerks reasonable); *see also Flynn*, 2022 WL 2918989, at *2 (compiling cases for reasonable paralegal rates).

Accordingly, the Court finds that Plaintiffs' hourly rates for Mr. Greenberg, Ms. Laimeche, Ms. Sniegocki, and the paralegals and law clerks are reasonable.

### ii.  Number of Hours Expended

#### a.  Motion to Compel Arbitration

The amount of time spent for which reimbursement is requested totals 8.4 hours (7.7 hours were performed by Mr. Greenberg and .8 hours by Ms. Sniegocki). ECF No. 280-3 at 7, 41.

Defendants argue that Plaintiffs' opposition to their Motion to Compel Arbitration is "the same as" an opposition Plaintiffs' counsel previously filed in state court. ECF No. 284 at 10. The Court reviewed the two filings and finds that they are quite similar. But this similarity does not—on its own—invalidate Plaintiffs' work on their opposition to Defendants' Motion to Compel Arbitration in this case. This is because much of an attorney's work will be "necessary duplication," as he will need, for example, to review prior research and confirm that it remains current. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) (emphasis removed). Furthermore, Defendants did not argue or provide any evidence that Plaintiffs' supplemental briefing relating to the Motion to Compel was a duplicate of a previously filed court document.

Moreover, a review of Plaintiffs' billing records demonstrates the time was spent engaged in reasonable, non-duplicative, and necessary work. Accordingly, the Court finds the 8.4 hours Plaintiffs spent responding to Defendants' Motion to Compel Arbitration is reasonable.

#### b.  JAMS Arbitration

Plaintiffs are requesting 25.3 hours[4] for Mr. Greenberg, 59 hours for Ms. Laimeche, and 46.7 hours for the paralegals and law clerks for matters relating to the JAMS arbitration (1.6 hours

---

[4] Because these numbers were not expressly provided in Plaintiffs' motion for attorney's fees, the Court manually calculated them by reviewing each exhibit entry.

by Leon Greenberg Professional Corporation and 45.1 hours by Gilbert Employment Law, P.C.).[5] ECF No. 280-3 at 14–39, ECF No. 280-4 at 15–37.

Defendants oppose these hours as unreasonable on grounds that "there was not a single arbitration proceeding." ECF No. 280-4 at 14. In this argument, Defendants gloss over two important facts. First, Defendants requested the arbitration proceedings that this Court subsequently ordered. As a result, Plaintiffs could only litigate their claims through arbitration, which required Plaintiffs' counsel to speak and explain the arbitration proceedings to their 25 clients and to submit the requisite documents to JAMS. Second, although no arbitration proceedings with an arbitrator took place, this was because Defendants opted *not* to comply with the Court order granting their Motion to Compel Arbitration.

Moreover, although the arbitration demands are similar for each of the 25 Plaintiffs, each demand required providing work history information unique to each Plaintiff. Additionally, before submitting these demands, Plaintiffs' counsel had to speak with 25 clients, explain the arbitration process, and obtain their approval in writing. Counsel then needed to draft the arbitration demands and engage with various communications with JAMS, including identifying preferred arbitrators. Counsel also needed to keep Plaintiffs apprised of arbitration-related updates.

Nonetheless, the Court finds Plaintiffs' requested 131 hours to be unreasonable.

It finds that several of Mr. Greenberg's entries relating to preparing the arbitration demands and reviewing JAMS correspondence are duplicative of the Gilbert Employment Law paralegal/law clerk entries. *Compare, e.g.,* ECF No. 280-3 at 22 *with* ECF No. 280-4 at 19, 22. As a result, the Court will award Mr. Greenberg three hours for matters relating to the JAMS arbitration. *See Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006) ("District courts possess the necessary discretion to adjust the amounts awarded to address excessive and unnecessary effort expended in a manner not justified by the case."). These three hours are compensation for his time reviewing and signing the 25 arbitration demands and conferring with

---

[5] Based on the billing entries provided by both Leon Greenberg Professional Corporation and Gilbert Employment Law, P.C., Gilbert Employment Law conducted most of the substantive work relating to client communications and drafting the arbitration demands.

5

co-counsel Ms. Laimeche.[6] Notably, the Court is not ordering Defendants to reimburse Mr. Greenberg for his time spent *submitting* the arbitration agreements to JAMS, as this constitutes clerical or administrative work that should (instead) be absorbed into a firm's overhead rather than billed at a set rate. *G & G Closed Circuit Events, LLC v. Hernandez*, 2021 WL 3290422 (S.D. Cal. Aug. 2, 2021) (citation omitted) (noting that courts in the Ninth Circuit have routinely declined to award fees for clerical tasks such as "filing, transcript, and document organization").

Additionally, the Court will award Ms. Laimeche 30 hours for her time researching the arbitration process; drafting the arbitration demands; and engaging in various communications with her paralegals and law clerks, Mr. Greenberg, and JAMS.

Finally, the Court finds that the Gilbert Employment Law paralegal and law clerks should be reimbursed for 25 hours: One hour for all (telephonic and written) communications with each of the 25 Plaintiffs.

### c. Motion to Vacate

Plaintiffs are seeking to be reimbursed for 18.7 hours for the time spent filing their Motion to Vacate the Arbitration Order and the reply filed in support of their motion: 16 hours spent by Mr. Greenberg and 2.7 hours spent by Ms. Laimeche. ECF No. 280-3 at 10–11, ECF No. 280-4 at 34–36. The Court finds this amount of time reasonable, as a review of the billing records demonstrates the time was spent engaged in reasonable, non-duplicative, and necessary work. *See Ballen*, 466 F.3d at 746; *see also Clark v. Cap. Credit & Collection Servs., Inc.*, 561 F. Supp. 2d 1213, 1221 (D. Or. 2008) ("The fact that two lawyers worked on a matter does not mean that the work was duplicative.").

### iv. Motion for Attorney's Fees and Costs

Plaintiffs seek reimbursement of 28.2 hours in bringing the instant motion for attorney's fees and costs: 5.5 hours for Mr. Greenberg, 20.2 hours for Ms. Laimeche, and 2.5 hours for Gilbert Employment Law paralegals and law clerks. ECF No. 280-3 at 11–12, ECF No. 280-4 at 22–23.

---

[6] The Court is also not providing reimbursement fees for Mr. Greenberg's law clerk, as these entries are either duplicative or clerical.

"Plaintiffs may recover attorney's fees for time reasonably expended on a motion for attorney's fees and costs."[7] *Thompson v. Gomez*, 45 F.3d 1365, 1367 (9th Cir. 1995) (noting that "*Hensley* applies to requests for fees-on-fees").

The Court finds Plaintiffs' requested award for "fees-on-fees" in this case is not reasonable. This motion for attorney's fees is straightforward and does not involve complex legal issues. Therefore, the Court will award Plaintiffs 10.5 hours for this motion: 4 hours for Mr. Greenberg, 4 hours for Ms. Laimeche, and 2.5 hours for the Gilbert Employment Law paralegals and law clerks' work on drafting the exhibits.

### B. Costs

Plaintiffs request reimbursement for costs of $10,375.31, which the Court will grant. This amount includes $10,000 in arbitration initiation fees Plaintiffs paid to JAMS, $83.95 in transcript fees relating to the February 9, 2022 hearing where the Hon. Judge Gordon ordered Plaintiffs to file a motion or stipulation for attorney's fees and costs; $12.54 in legal research charges; $211.77 in mailing charges; and $67.05 in copy costs. ECF No. 280 at 9–10.

While Defendants argue that Plaintiffs failed to provide documentation for the $10,000 in arbitration initiation fees (ECF No. 284 at 20), Plaintiffs supplied this information in their reply. ECF No. 287 at 17–51.

The Court finds that the other requested costs are sufficiently itemized and reasonable.

### III. Conclusion and Order

Accordingly, the Court awards **fees** in the following amount:

- Mr. Greenberg: $14,582.50 (30.7 hours at an hourly rate of $475);
- Ms. Sniegocki: $280 (.8 hours at an hourly rate of $350);
- Ms. Laimeche: $12,845 (36.7 hours at an hourly rate of $350); and
- Gilbert Employment Law Paralegals and Law Clerks: $3,437.50 (27.5 hours at an hourly rate of $125).

Additionally, the Court awards **costs** in the following amount:

---

[7] Defendants argue that fees-on-fees awards should be disallowed but cite to no legal authority for their proposition. *See* ECF No. 284 at 9–10.

7

- Leon Greenberg Professional Corporation: $10,179.40
- Gilbert Employment Law, P.C.: $195.90.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Attorney's Fees (ECF No. 280) is GRANTED IN PART and DENIED IN PART consistent with this Order.

**IT IS FURTHER ORDERED** Defendants are to pay $25,041.90 to Leon Greenberg Professional Corporation and $16,478.40 to Gilbert Employment Law, P.C. by **August 31, 2022.**

DATED: August 9, 2022.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE