**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Michael Reno, e*t al.*,

                Plaintiffs,

     v.

Western Cab Company, *et al.*,

                Defendants.

Case No. 2:18-cv-00840-APG-BNW

**ORDER**

Before the Court is Plaintiffs' timely motion for attorney's fees, seeking $5,130 in attorneys' fees for 10.8 hours of work. [1] ECF No. 332. Defendants opposed at ECF No. 333, and Plaintiffs replied at ECF No. 334.

The Court ordered Plaintiffs to file a motion for fees in connection with their motion to compel compliance with the Court's Order at ECF No. 304. [2] The Court finds that Plaintiffs' hourly rates and hours expended are reasonable. Plaintiffs' Motion for an Award of Attorney's Fees (ECF No. 332) is granted.

**I.  Legal Standard**

The lodestar method is the starting point in assessing reasonable-fee awards. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008). The lodestar figure is calculated by multiplying the number of hours expended on litigation by a reasonable hourly rate. *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). Requests for attorney's fees must also comply with Local Rule 54-14, which requires any application to include an attorney affidavit,

---

[1] Plaintiffs seek an increased amount in their reply. *See* ECF No. 334 at 4. The Court, however, relies on Plaintiffs' motion and accompanying exhibits for its analysis.

[2] The Court's Order is at ECF No. 304 and the Plaintiffs' motion seeking to compel compliance with the Order is at ECF No. 314. The Court granted attorney's fees at ECF No. 317.

"[a] reasonable itemization and description of the work performed[,]" and "[a] brief summary" of 13 categories of information designed to elicit more information about the case and the work that the attorney performed. LR 54-14(a)-(b). After calculating a lodestar figure, the court may review the reasonableness of the award based on the twelve factors adopted by the Ninth Circuit in *Kerr v. Screen Extras Guild, Inc.*:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (citation omitted). Lodestar figures are presumptively reasonable, but district courts have discretion to decrease or increase them. *Hensley v. Eckerhart*, 461 U.S. 424, 434-37, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) (requiring a clear reason for adjusting the amount awarded and noting that, in exceptional cases, an enhancement may be warranted); *see also City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992) (noting that an applicant seeking more than the lodestar amount must show that it is "necessary" and reversing an enhancement of attorney's fees based on a contingency-fee agreement).

## II. Analysis

### A. Fees

#### i. Hourly Rates

Here, Plaintiffs request reimbursement of 10.8 hours of work performed by Leon Greenberg, Esq. at an hourly rate of $475. ECF No. 332 at 2. The Court determines a reasonable hourly rate by reference to the "prevailing market rates in the relevant community" for an attorney of similar experience, skill, and reputation. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013) (quotation omitted). Plaintiffs correctly assert that this Court has previously found a lodestar rate of $475 per hour was reasonable for attorney Leon Greenberg. ECF No. 305 at 3.

1
2
3
4
5

Defendants seem to suggest that Mr. Greenberg was not the attorney responsible for the work documented in Plaintiffs' motion for attorney's fees. *See* ECF No. 333 at 5. However, Defendants provide no evidence for this suggestion.[3] Accordingly, the Court finds Plaintiffs have met their burden establishing hourly rates of $475 per hour for Mr. Greenberg are reasonable and that Mr. Greenberg performed the work.

6

### ii. Number of Hours Expended

7
8
9
10
11
12
13
14

The amount of time spent for which reimbursement is requested is a total of 10.8 hours. Defendants argue that the fees requested are not reasonable. Specifically, Defendants argue that the motion to compel compliance should not have taken 7.2 hours (*See* ECF No. 333 at 4) and that the instant motion should not have taken 1.4 hours to complete (*See* ECF No. 333 at 5). The Court disagrees. The 7.2 hours spent on the motion to compel is not excessive compared to the work performed and neither is the 1.4 hours spent drafting the instant motion. While the Court agrees that the instant motion is not legally complex, Mr. Greenberg is only requesting 1.4 hours for that precise reason.[4]

15
16
17
18

Review of Plaintiffs' billing records demonstrates that the time was spent engaged in reasonable and necessary work. Accordingly, the Court finds the 10.8 hours spent engaging Defendant to comply with ESI production, drafting a motion to compel Defendant to comply with this Court's Order for ESI production, and drafting a motion for attorney's fees is reasonable.

19

### iii. *Kerr* Factors

20
21
22
23
24
25

Mr. Greenberg provides the necessary information for the Court to determine that the requested fees are reasonable ($475 per hour rate, 10.8 hours spent on the case, descriptions of the labor involved in those hours, Mr. Greenberg's nearly 30 years of experience, and this Court's previous order awarding attorney's fees). *See* ECF No. 332. As a result, the fees need not be adjusted based on the *Kerr* factors. The information provided by Mr. Greenberg also complies with Local Rule 54-14.

26
27
28

---

[3] In contrast, Mr. Greenberg has provided a declaration that he performed the work in question. ECF No. 332 Ex. A.
[4] The Court previously found that 4 hours was reasonable for Mr. Greenberg's work on Plaintiffs' prior motion for attorney's fees. ECF No. 305 at 7.

**III. Conclusion**

   **IT IS THEREFORE ORDERED** that Plaintiffs' Motion for an Award of Attorney's

Fees at ECF No. 332 is **GRANTED**.

   **IT IS FURTHER ORDERED** Defendants are to pay $5,130 to Leon Greenberg

Professional Corporation within 30 days of this date.

   DATED: July 10, 2023


_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE