UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL RENO, *et al.*, | Case No. 2:18-cv-00840-APG-BNW |
| Plaintiffs, | |
| v. | **ORDER** |
| WESTERN CAB COMPANY, *et al.*, | |
| Defendants. | |

Before the Court is Plaintiffs' Motion to Compel the Deposition of Jason Awad. (ECF No. 342). Defendants filed a response in opposition (ECF No. 343) to which Plaintiffs replied (ECF No. 347). Additionally, Plaintiffs filed a Motion to Strike (ECF No. 345) the opposition as untimely. Defendant filed a response in opposition (ECF No. 346) to which Plaintiff replied (ECF No. 348).

Also, before the Court is Plaintiffs' Motion to Compel the Deposition of a 30(b)(6) witness. (ECF No. 349). Defendants filed a response in opposition (ECF No. 351) to which Plaintiffs replied (ECF No. 353). Defendants also filed a Counter-Motion for a Protective Order (ECF No. 358). Plaintiff filed a response in opposition (ECF No. 360). No reply was filed.

The parties are familiar with the nature of the case and the arguments made in support of the various motions. As a result, the court only addresses the arguments as relevant to its Order. The Court will address each motion in turn.

**I. Analysis**

    **A.**    **Plaintiffs' Motion to Compel Deposition of Jason Awad**

In its broad discretion, the Court believes that striking the untimely response would be too harsh here, given the apparent lack of prejudice to Plaintiffs and the short nature of the delay. Turning to the substance of the request, Defendants do not appear to oppose the deposition of Jason Awad. Indeed, Defendants were previously given the opportunity to file a motion to preclude such deposition, but did not do so. Thus, at this stage, the deposition of Jason Awad will

proceed. The remaining questions are: (1) when that will happen; and (2) whether fees should be imposed against Defendant.

As to the first question, the Court orders the deposition to take place within the next 30 days. This will be the parties' scheduling priority. This case has been pending since 2018. Counsel are ordered to meet and confer by the end of this week and determine a mutually agreeable time for this deposition to take place. Failure to comply with this order will very likely result in sanctions under Federal Rule of Civil Procedure ("Rule") 16(f) and/or Local Rule ("LR") IA 11-8(e).

The Court next turns to the issue of fees. Plaintiffs' motion is made pursuant Rule 37(b). Fed. R. Civ. P. 37(b) permits sanctions to be imposed against a party for failing to comply with "an order to provide or permit discovery." Plaintiffs allege that Defendants failed to comply with this Court's Order to meet and confer by October 14, 2022, to schedule Awad's deposition. Defendants do not take a contrary position. But, despite Defendants' failure to follow the Court's Order, it does not appear that Rule 37(b) permits sanctions for the failure to meet and confer. Instead, it appears Rule 16(f) or LR IA 11-8(e) are the better vehicles for such request. *Banks v. Whambo! Enterprises, LLC*, No. 21-56222, 2022 WL 16918023 (9th Cir. Nov. 14, 2022); *see also Acevedo v. Russell Cellular, Inc.*, No. 1:20-CV-01440-JLT-SAB, 2022 WL 913225 (E.D. Cal. Mar. 29, 2022). Given this, Plaintiffs' request for fees is denied.

Defendants also seeks fees in their opposition under Rule 37(d)(1)(A) for Plaintiffs' failure to appear at the April 7, 2023, deposition. Irrespective of what version of events the Court considers, Plaintiffs' failure to be present was substantially justified based on the confusion surrounding this deposition taking (or not taking) place on that day. Thus, fees will not be imposed.

**B. Plaintiffs' Motion to Compel and Defendants' Counter-Motion for a Protective Order**

The Court starts with Defendants' Motion for a Protective Order. Under traditional Rule 26(c) analysis, Defendants may be entitled to a protective order if it can show that the 30(b0(6) deposition is sought in order to annoy or harass, or for some other improper purpose. Rule 26(c).

The party seeking to limit discovery has the burden of proving "good cause," which requires a showing "that specific prejudice or harm will result" if the protective order is not granted. *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011). Rule 30(b)(6) permits a party to notice a corporation's deposition. An individual who testifies as a fact witness may also be subject to a Rule 30(b)(6) deposition. *La. Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 487 (N.D. Cal. 2012) ("the testimony of an individual is ... distinct from the testimony of an entity") (citation omitted). A Rule 30(b)(6) deposition differs from a fact witness deposition in that the designated witness "testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity." *Id.* Although counsel may depose a Rule 30(b)(6) witness on the same topics as a fact witness, the questions asked and the answers given may vary. *Id.*

Clearly, the law allows for a fact witness to be later deposed as a 30(b0(6) witness. Further, the Court takes note of prior orders which relate Defendants' failure to oppose the taking of such deposition. *See* ECF No. 196. Lastly, Defendants have failed to meet their burden to show that the deposition is sought to harass or that such deposition will result in specific prejudice or harm. As a result, Defendants' countermotion (ECF No. 38) is denied. Additionally, Plaintiffs' Motion to Compel (ECF No. 349) is granted. The Court orders the parties to meet and confer by the end of this week and determine a mutually agreeable time for this deposition to take place. Failure to comply with this order will likely result in sanctions under Rule 16(f) and/or LR IA 11-8(e).

**II. Conclusion**

IT IS HEREBY ORDERED that Plaintiffs' Motion to Compel the Deposition of Jason Awad (ECF No. 342) is **GRANTED in part and DENIED in part** consistent with this Order.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Strike (ECF No. 345) Defendants' Opposition is **DENIED**.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Compel the Deposition of a 30(b)(6) Witness (ECF No. 349) is **GRANTED**.

IT IS FURTHER ORDERED that Defendants' Counter-Motion for a Protective Order (ECF No. 358) is **DENIED**.

IT IS FURTHER ORDERED that the parties are to meet and confer consistent with this Order.

DATED: September 20, 2023.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE