UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL RENO, *et al.*, | Case No. 2:18-cv-00840-APG-BNW |
| Plaintiffs, | **ORDER** |
| v. | |
| WESTERN CAB COMPANY, *et al.*, | |
| Defendants. | |

Before the Court is Plaintiffs' Motion for Sanctions based on Defendant Awad's failure to appear for his deposition. ECF No. 370. As relevant to this Order, Plaintiffs seek sanctions under Federal Rule of Civil Procedure 37(b)(2) for violating the Court's discovery orders. *Id.* They ask the Court to preclude Defendant Awad from arguing that he does not qualify as an "employer" under the Fair Labor Standards Act ("FLSA") as well as a sanction for costs and fees arising from Defendant Awad's failure to appear. *Id.* at 6–8. The motion is unopposed. ECF No. 372. Pursuant to Local Rule 7-2(d), and in consideration of the five-factor analysis for awarding sanctions, the Court grants the motion.

**I.  ANALYSIS**

Local Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Federal Rule of Civil Procedure 56 or a motion for attorney's fees,[1] constitutes a consent to the granting of the motion." In their motion, Plaintiffs seek sanctions under Federal Rule of Civil Procedure 37(b)(2) for failing to obey a discovery order.[2] ECF No. 370 at 7. So in addition to Local Rule 7-2(d), the Court also

---

[1] Though Plaintiffs seek costs in their motion, a motion for sanctions differs from a motion for attorney's fees. *See Slater v. Astrue*, No. 2:12-CV-1996 JCM CWH, 2013 WL 3297199, at *2 (D. Nev. June 28, 2013) (finding that a motion for monetary sanctions could be resolved procedurally under LR 7-2(d)).

[2] Rule 37(b)(2)(A)(ii) allows a court to sanction a party who violates a discovery order by "prohibiting the disobedient party from supporting or opposing designated claims or defenses." Rule 37(b)(2)(C) states that the court must order the disobedient party "to pay the reasonable expenses, including attorney's fees, caused by the failure."

1  considers the five-factor test that is employed when determining whether to issue sanctions:
2  (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its
3  docket, (3) the risk of prejudice to the party seeking sanctions, (4) the public policy favoring
4  disposition of cases on their merits, and (5) the availability of less-drastic sanctions. *Rio Props.,*
5  *Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1022 (9th Cir. 2002). Sanctions under Rule 37(b)(2)
6  may be appropriate when three factors strongly favor the imposition of such sanctions.
7  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).

8        This Court has ordered the deposition of Defendant Awad on more than one occasion.
9  Importantly, the Court ordered the parties to make Defendant Awad's deposition a priority. ECF
10 No. 362 at 2. But by failing to appear for his deposition and refusing to communicate with
11 Plaintiffs since December 6, 2023, Defendant Awad has clearly violated said order. Here, the
12 public's interest in the expeditious resolution of litigation, the court's need to manage its docket,
13 and the risk of prejudice to the party seeking sanctions—weigh in favor of imposing Plaintiffs'
14 requested sanctions. *Pagtalunan*, 291 F.3d at 643.

15       First, this case has been going on since 2018. ECF No. 362 at 2. Despite this Court's
16 orders over several months Defendant Awad has not been deposed. The failure to conduct the
17 deposition continues to delay this case.

18       Second, this deposition has been subject to *four* motions to compel and various requests
19 for sanctions. *See, e.g.*, ECF Nos. 175, 313, 342, 363, 370. To be sure, the Court has had to craft
20 orders bordering on the ridiculous for the parties to figure out a time and date for this deposition
21 to take place. *See, e.g.*, ECF No. 368. The Court cannot relentlessly address this issue.

22       At this juncture, the Court does not believe that Defendant Awad has any intention of
23 being deposed. He did not even bother to respond to Plaintiffs' motion. In turn, the inability to
24 depose Defendant Awad prejudices Plaintiffs given that his testimony regarding his relation to
25 and involvement with Western Cab bears on a crucial element of Plaintiffs' claims. ECF No. 370
26 at 6. In failing to appear for his deposition, Defendant Awad has prejudiced Plaintiffs by

preventing them from preparing for their case. *In re Heritage Bond Litig.*, 223 F.R.D. 527, 530 (C.D. Cal. 2004).

The facts above weigh in favor of imposing Plaintiffs' requested sanctions. *Pagtalunan*, 291 F.3d at 643. Considering these factors in conjunction with Local Rule 7-2(d), the Court grants Plaintiff's motion. Given the Court's prior orders, the parties' history, and Defendant Awad's present conduct, this is an appropriate sanction that is reasonably related to the subject of discovery that was frustrated by the sanctionable conduct. *See Navellier v. Sletten*, 262 F.3d 923, 947 (9th Cir. 2001).

## II.     CONCLUSION

**IT IS THERFORE ORDERED** that Plaintiffs' Motion for Sanctions (ECF No. 370) is GRANTED.

**IT IS FURTHER ORDERED** that pursuant to Rule 37(b)(2)(A)(ii), Defendant Awad is precluded from asserting the defense that he is not an "employer" under the FLSA.

**IT IS FURTHER ORDERED** that pursuant to Rule 37(b)(2)(C), Defendant Awad is ordered to pay the costs of arranging the court reporter and legal videographer services, the fees properly incurred in preparing and appearing for Defendant Awad's deposition, and the fees properly incurred in bringing this motion (ECF No. 370).

**IT IS FURTHER ORDERED** that Plaintiffs submit a motion for attorney's fees and costs detailing said expenses by February 23, 2024.

DATED this 7th day of February 2024.

                                                                                       _____
                                                                                       BRENDA WEKSLER
                                                                                       UNITED STATES MAGISTRATE JUDGE