1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

MICHAEL RENO, *et al.*,

Plaintiffs,

v.

WESTERN CAB COMPANY, *et al.*,

Defendants.

Case No. 2:18-cv-00840-APG-BNW

**ORDER**

10   Before the Court is Plaintiff's objection to the Court's order imposing sanctions on

11   Defendant Western Cab (ECF No. 380) for failing to appear at its 30(b)(6) deposition. ECF

12   No. 384. The Court will construe the objection as a motion for reconsideration. The order at ECF

13   No. 380 precluded Western Cab from contesting the accuracy of records, contesting the

14   application of an average fuel cost in records that fail to include a fuel-cost amount, disputing

15   that each plaintiff is owed fuel costs that they paid from their tips, and contesting liability for

16   each plaintiff for whom it has not produced records. ECF No. 380 at 6–7. Said order, however,

17   neglected to include that Western Cab would be given one *final* opportunity to be deposed on the

18   remaining two deposition topics, topics seven and nine. Therefore, the Court vacates its prior

19   order at ECF No. 380 and enters this new order.

20   **I.     BACKGROUND**

21   As relevant to this Order, Plaintiffs seek sanctions under Federal Rule of Civil Procedure

22   37(b)(2) for violating the Court's discovery orders. *Id.*[1] They ask the Court to preclude Western

23   Cab from contesting the accuracy of records, contesting the application of an average fuel cost in

24   records that fail to include a fuel-cost amount, disputing that each plaintiff is owed fuel costs that

25   they paid from their tips, contesting liability for each plaintiff for whom it has not produced

26   records, presenting and proving any affirmative defenses, and denying that it engaged in a

27

28

---

[1] Plaintiffs also seek sanctions under other rules. Given that the Court will impose sanctions under Rule 37(b)(2), it will not discuss the remaining grounds upon which Plaintiffs move for sanctions.

"willful" violation of the Fair Labor Standards Act ("FLSA"). *Id.* at 12–13. Plaintiffs also request a sanction for costs and fees arising from Western Cab's failure to appear. *Id.* at 13.

Though the motion was initially unopposed, ECF No. 373, Defendants ultimately filed an opposition, albeit after the deadline. ECF No. 375. Plaintiffs then moved to strike the untimely filed opposition and also filed a reply. ECF Nos. 377, 378. As explained below, the Court will exercise its discretion and consider Defendants' opposition, but only to the extent that it applies to Western Cab.

After considering the five-factor analysis for awarding sanctions, the Court will issue preclusion sanctions closely related to topics that would have been covered in Western Cab's deposition. The Court will also award Plaintiffs costs and fees related to the taking of Western Cab's deposition and bringing the underlying motion because Western Cab failed to establish that its failure was substantially justified. But the Court will not preclude Western Cab from denying that it engaged in a willful violation of the FLSA or from presenting any affirmative defenses, as these sanctions are tantamount to exacting a default judgment against Western Cab. Instead, the Court will allow Plaintiffs to depose Western Cab on these two topics.

## II.  ANALYSIS

### A.  Defendants' Untimely Opposition

First, the Court must decide whether to consider Defendant Western Cab's opposition at ECF No. 375. By way of background, Plaintiffs filed two motions for sanctions. The first motion sought sanctions for Defendant Awad's failure to attend his deposition. ECF No. 370. This Court already entered an order to that motion. *See* ECF No. 374. The second motion, which is currently before the Court, seeks sanctions for Defendant Western Cab's 30(b)(6) witness's failure to attend the deposition. The opposition to this motion attempts to justify why neither Defendants Awad nor Western Cab attended the depositions. To the extent that the opposition at ECF No. 375 attempts to respond to both motions for sanctions, the Court will not consider the opposition insofar as it relates to Defendant Awad, as the Court has already resolved Plaintiffs' request for sanctions regarding this defendant. ECF No. 374.

Next, the opposition at ECF No. 375 was filed two days late. The opposition did not address the fact that it was late or establish excusable neglect (as it must) for its consideration. FED. R. CIV. P. 6(b)(1)(B); *see generally* ECF No. 375. This is not the first time that Defendants have untimely filed documents. *See, e.g.*, ECF Nos. 140, 362 at 1, 368 at 1. Nonetheless, the Court exercises its discretion to consider the opposition and resolve the motion on the merits. As such, the Court denies Plaintiffs' Motion to Strike.

### B.  Western Cab's Failure to Attend its Deposition

In their motion, Plaintiffs seek sanctions under several rules, including Federal Rule of Civil Procedure 37(b)(2) for Western Cab's failure to attend its deposition, which violates the Court's discovery orders. ECF No. 371 at 12–13. Rule 37(b)(2)(A)(ii) allows a court to sanction a party who violates a discovery order by "prohibiting the disobedient party from supporting or opposing designated claims or defenses." In addition, Rule 37(b)(2)(C) states that the court must order the disobedient party "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified."

The Court considers the five-factor test that is employed when determining whether to issue sanctions: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the party seeking sanctions, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less-drastic sanctions. *Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1022 (9th Cir. 2002). Sanctions under Rule 37(b)(2) may be appropriate when three factors strongly favor the imposition of such sanctions. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). Here, the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the party seeking sanctions weigh in favor of imposing Plaintiffs' requested sanctions. *See id.*

The Court begins by pointing out that it ordered the parties nearly *ten months* ago to meet and confer to determine a date for the deposition. ECF No. 340. Since then, the Court ordered the parties *twice more* to meet and confer to, again, determine a mutually agreeable time for the

deposition. ECF Nos. 362, 368. The lack of cooperation between the parties and this Court's frustration with the fact that the deposition had not taken place led to an order prescribing a meticulous method for the parties to agree on a deposition date. ECF No. 368 at 2. In such order, the Court warned that:

> the parties should take note that this Court is astounded by their well-established pattern of unprofessionalism toward each other and, ***should another motion be filed based on their inability to communicate, this Court is prepared to issue an Order to Show Cause why they should not be sanctioned accordingly***.

*Id.* (emphasis added).

In addition, a prior order admonished the parties to make the deposition a scheduling priority and warned that sanctions would follow if they did not comply. ECF No. 362 at 2–3.

Rule 37 tells all lawyers and their clients that preclusion sanctions are possible if they violate discovery orders and that "direct warnings or other circumstances may make it clear that [sanctions are] a real risk of continued violation in the particular case." *Valley Engineers Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998); FED. R. CIV. P. 37(b)(2)(A)(ii). The Court warned the parties many times that sanctions may issue if they did not make the taking of the deposition a priority or if they had to seek further court intervention based on the parties' inability to communicate. ECF No. 362 at 2–3; ECF No. 368 at 2. Based on the Court's orders and the parties' prior behavior as a whole—coupled with the fact that discovery closed on February 12, 2024—Western Cab knew that it was in jeopardy of facing sanctions for failing to appear at its deposition and then failing to communicate with Plaintiffs for over two months. *Valley Engineers Inc.*, 158 F.3d at 1057 (finding that Defendant knew it could be subject to dismissal sanctions after the Court threatened sanctions for anything that would "frustrate the speedy disposition of the case"); *Tacori Enterprises v. Beverlly Jewellery Co.*, 253 F.R.D. 577, 580 (C.D. Cal. 2008) (precluding Defendant from presenting evidence regarding deposition topics after violating court's order to complete 30(b)(6) deposition).

In its opposition, Western Cab states that no sanctions should issue because defense counsel and his daughter became ill mid-December, his daughter was hospitalized in January,

and his computer was stolen from his car in late January. Although the Court is sympathetic to such issues, defense counsel's inaction for such an extended period is problematic. As an attorney, defense counsel is held to a high standard of professionalism. *See, e.g.*, MODEL RULES OF PROF'L CONDUCT 1.1, 1.2 (Competence, Diligence). And the most significant events—his daughter's hospitalization and the break-in of his car—did not occur until January 17, 2024, and January 24, 2024, which was *after* Western Cab's scheduled deposition on January 15, 2024. ECF Nos. 375 at 5, 376 at 4. It is likely counsel's daughter was sick on January 15, 2025, but Defense counsel had options at his disposal to communicate to Plaintiffs and/or the Court that Western Cab was unavailable for its deposition rather than choosing not to respond. The failure to respond is further magnified when considering defense counsel did not respond to Plaintiffs for nearly two months. In addition, this is not the first time that defense counsel has pointed to issues in his personal life as justification for not complying with his professional duties. Such behavior is simply not acceptable.

In terms of the five-factor test for issuing sanctions, the Court finds that three factors weigh heavily in favor of awarding sanctions: (1) the public's interest in the expeditious resolution of litigation, (2) the court's need to manage its docket, and (3) the risk of prejudice to the party seeking sanctions. *See Rio Props, Inc.*, 284 F.3d at 1022; *Pagtalunan*, 291 F.3d at 643.

*The public's interest in the expeditious resolution on litigation.* First, this case has been going on since 2018. ECF No. 362 at 2. Despite this Court's orders over several months, Western Cab has not been deposed. The failure to conduct the deposition continues to delay this case.

*The Court's need to manage its docket.* Second, this deposition has been subject to *three* motions to compel and various requests for sanctions. *See, e.g.*, ECF Nos. 196, 362, 363, 371. To be sure, the Court has had to craft orders bordering on the ridiculous for the parties to figure out a time and date for this deposition to take place. *See, e.g.*, ECF No. 368. The Court cannot relentlessly address this issue.

*The risk of prejudice to the party seeking sanctions.* Finally, at this juncture, the Court does not believe that Western Cab has any intention of being deposed. Plus, the deadline for

taking the depositions—February 12, 2024—has already passed and Defendants have not asked for an extension. *See* ECF No. 368 at 1. In turn, the inability to depose Western Cab prejudices Plaintiffs given that its testimony regarding the hours Plaintiffs worked, Plaintiffs' wages after deducting gas payments, the cost of gas Plaintiffs paid from their tips, the accuracy of the records, and the existence of a gas policy all bear on crucial elements of Plaintiffs' claims. ECF No. 371 at 6–8. In failing to appear for its deposition, Western Cab has prejudiced Plaintiffs by preventing them from preparing for their case. *In re Heritage Bond Litig.*, 223 F.R.D. 527, 530 (C.D. Cal. 2004).

The facts above weigh in favor of imposing these sanctions. *See Pagtalunan*, 291 F.3d at 643. Although less-drastic sanctions are available, the Court has awarded fees and costs in the past for violating other discovery orders. *See, e.g.*, ECF Nos. 304, 317, 354. And the Court may, in deciding a proper sanction, "properly consider all of a party's discovery misconduct. . . including conduct which has been the subject of earlier sanctions." *Payne v. Exxon Corp.*, 121 F.3d 503, 508 (9th Cir.1997). The Court fears that should it award the less-drastic sanction of fees, it may only be kicking the can down the road.

Given the Court's prior orders, the parties' history, and Western Cab's present conduct, these are appropriate sanctions that are reasonably related to the subject of discovery that was frustrated by the sanctionable conduct. *See Navellier v. Sletten*, 262 F.3d 923, 947 (9th Cir. 2001). Because Western Cab failed to establish that its failure was substantially justified, the Court will also award Plaintiffs costs related to the taking of Western Cab's deposition and bringing the underlying motion.

The Court will not, however, preclude Western Cab from denying that it engaged in a willful violation of the FLSA or from asserting any affirmative defenses. As stated above, such sanctions are too harsh and would equate to the imposition of a default judgement. Instead, the Court will allow Plaintiffs to depose Western Cab on these two topics.

### III.   CONCLUSION

**IT IS THERFORE ORDERED** that Plaintiffs' Motion to Strike (ECF No. 377) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Sanctions (ECF No. 371) is GRANTED in part and DENIED in part.

**IT IS FURTHER ORDERED** that Plaintiff's motion for reconsideration (ECF No. 384) is GRANTED.

**IT IS FURTHER ORDERED** that pursuant to Rule 37(b)(2)(A)(ii), Western Cab is precluded from:

1. Contesting the accuracy of records produced in this case regarding the plaintiffs;
2. Contesting the application of an average fuel-cost amount for any plaintiff's shift in which the records fail to include a fuel-cost amount paid by said plaintiff;
3. Disputing that each plaintiff is owed an amount equal to the fuel costs paid out of their tips; and
4. Contesting liability to each plaintiff for whom it has not produced records, for an amount equal to the average amount owed under the FLSA to plaintiffs for whom records were produced.

**IT IS FURTHER ORDERED** that Plaintiffs' request for sanctions precluding Western Cab from denying that it engaged in a willful violation of the FLSA and presenting any affirmative defenses is DENIED.

**IT IS FURTHER ORDERED** that pursuant to Rule 37(b)(2)(C), Western Cab is ordered to pay the costs of arranging the court reporter and legal videographer services, the fees properly incurred in preparing and appearing for Western Cab's deposition, and the fees properly incurred in bringing this motion (ECF No. 371).

**IT IS FURTHER ORDERED** that Plaintiffs must depose Western Cab's 30(b)(6) representative by March 31, 2024.

**IT IS FURTHER ORDERED** that the parties shall rearrange their schedules to ensure the deposition is completed by March 31, 2024.

**IT IS FURTHER ORDERED** that the parties shall meet and confer by March 15, 2024, to determine a mutually agreeable date, time, and location for the deposition.

**IT IS FURTHER ORDERED** that any party failing to make itself available to meet and confer may be sanctioned.

**IT IS FURTHER ORDERED** that the deposition shall last no more than four hours and shall be restricted to topics seven and nine, which relate to Western Cab's affirmative defenses and whether it engaged in a willful violation of the Fair Labor Standards Act.

**IT IS FURTHER ORDERED** that Western Cab's failure to attend the deposition on the agreed-upon date, which must occur by March 31, 2024, may result in the imposition of all sanctions Plaintiffs previously sought. *See* ECF No. 371.

DATED this 8th day of March 2024.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

8