UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Michael Reno, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>Western Cab Company, et al.,<br><br>    Defendants. | Case No. 2:18-cv-00840-APG-BNW<br><br>**ORDER FOR SUPPLEMENTATION**<br>**re ECF Nos. 383, 385** |

Before the Court are Plaintiffs' two timely motions for attorney's fees and costs. ECF Nos. 383, 385. The Court ordered Plaintiffs to file these motions in connection with sanctions ordered for Defendant Awad's failure to appear for deposition on January 5, 2024 (ECF No. 374), and Defendant Western Cab's failure to appear for the 30(b)(6) deposition on January 15, 2024. ECF No. 380. Defendants failed to respond to either motion.

Local Rule 54-14 requires the Court to conduct an independent review of the record prior to granting an unopposed motion for attorney's fees and costs. LR 54-14(d). However, as submitted, Plaintiffs' motions are insufficient to facilitate such review and, consequently, a supplemental brief from Plaintiffs is required.

**I.    ISSUES**

    **A.  Categorization of Time Entries; Block Billing**

Local Rule 54-14 requires that a motion for attorney's fees contain, among other things, "[a] reasonable itemization and description of the work performed." LR 54-14(a)(1). The Court finds that Plaintiffs' tabulations of hours expended are, at present, neither reasonable itemizations nor descriptions.

The Court's orders for sanctions (ECF Nos. 374, 380) allowed for Plaintiffs to recover fees only for hours expended (1) preparing for and showing up for the depositions of Defendant Awad and Defendant Western Cab, as well as (2) preparing for and bringing forward the motions for

sanctions (ECF Nos. 370, 371). However, the Court finds that Plaintiffs' compiled entries for hours expended (ECF Nos. 383, 385) are without categorization, complicating the Court's ability to delineate entries that are within the compensable scope of the orders for sanctions. ECF Nos. 374, 380. For example, Plaintiffs included an entry combining general discovery issues, which were not within the scope of the related sanctions (ECF No. 374), with the specific issue of Defendant Awad's deposition. ECF No. 383, Ex. 1, p. 1 ("Telephone discussion with defendants' counsel on discovery issues including deposition of Awad"). To be clear, the Court will not allow Plaintiffs to recover for any prior attempts to bring Defendants into compliance, and Plaintiffs may only recover for the aforementioned categories of hours expended.

Relatedly, the prior example constitutes an instance of block billing, or "the practice of . . . 'lump[ing] together multiple tasks, making it impossible to evaluate their reasonableness.'" *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) (citing *Role Models Am. Inc. v. Brownlee*, 353 F.3d 962, 971 (D.C. Cir. 2004)).

Additionally, the Court finds that Plaintiffs may recover for hours expended preparing for and bringing forward the connected motions for attorney's fees and costs (ECF No. 383, 385). See *Thompson v. Gomez*, 45 F.3d 1365, 1367 (9th Cir. 1995) ("Plaintiffs may recover attorney's fees for time reasonable expended on a motion for attorney's fees and costs.")

**B. Ten-Percent Reduction of Hours Expended**

The Court recognizes that Plaintiffs have taken steps to reduce hours expended in an attempt to bring said hours within reason, including by applying a ten-percent across-the-board reduction of hours in both motions. ECF No. 383, 385. However, this unnecessarily complicates the Court's independent review of the record. The Court has the authority "to adjust the amounts awarded to address excessive and unnecessary effort expended in a manner not justified by the case." *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006).

## II. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs submit a supplemental brief by **June 14, 2024**, compiling and properly categorizing hours expended preparing:

1. For the depositions for Defendant Awad and Defendant Western Cab, including showing up for said depositions on January 5 and January 15, 2024, respectively;
2. The motions for sanctions (ECF Nos. 370, 371) and any subsequent replies or notices of non-opposition related to said motions; and,
3. The connected motions for attorney's fees and costs (ECF No. 383, 385).

**IT IS FURTHER ORDERED** that Plaintiffs, in their supplemental brief, NOT apply any ten-percent across-the-board reduction for calculated hours.

DATED: June 7, 2024.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

3