1    UNITED STATES DISTRICT COURT

2    DISTRICT OF NEVADA

3    * * *

| | |
|---|---|
| Michael Reno, et al., | Case No. 2:18-cv-00840-APG-BNW |
| Plaintiffs, | |
| v. | **ORDER re ECF Nos. 383, 385** |
| Western Cab Company, et al., | |
| Defendants. | |

Before the Court are Plaintiffs' two motions for attorney's fees and costs. ECF Nos. 383, 385. Defendants failed to respond to either motion.

By way of background, the Court ordered Plaintiffs to file these motions in connection with sanctions ordered for Defendant Awad's failure to appear for his deposition on January 5, 2024, (ECF No. 374 at 3) and Defendant Western Cab's failure to appear for the 30(b)(6) deposition on January 15, 2024.[1]  ECF No. 380 at 7.

The Court ordered Plaintiffs to file the instant motions for fees and costs detailing: (1) the costs connected with arranging court reporter and legal videographer services, (2) the fees incurred in preparing and appearing for the two depositions, and (3) the fees incurred in bringing the original motions for sanctions. ECF Nos. 374 at 3, 380 at 7. Moreover, in its order for supplementation, the Court allowed Plaintiffs to include hours expended preparing for the instant motions for attorney's fees and costs. ECF No. 392 at 3.

After adequate supplementation, Plaintiffs now seek $61,120 in fees for a combined 128 hours of work, as well as a combined $1,065.55 in costs. *See* ECF No. 393 at 4.

/ / /

/ / /

/ / /

---

[1]  Both Defendant Awad and Defendant Western Cab were ordered to pay said expenses pursuant to Rule 37(b)(2)(C). ECF No. 374 at 3; ECF No. 380 at 7.

Following an independent review of the record, the Court finds that Plaintiffs' hourly rates and hours expended are reasonable.[2] Plaintiffs' Motions for Award of Attorney's Fees (ECF Nos. 383, 385) are granted in accordance with this order.

## I.     LEGAL STANDARD

The lodestar method is the starting point in assessing reasonable-fee awards. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008). The lodestar figure is calculated by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate. *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). Requests for attorney's fees must also comply with Local Rule 54-14, which requires any application to include an attorney affidavit, "[a] reasonable itemization and description of the work performed[,]" and "[a] brief summary" of 13 categories of information designed to elicit more information about the case and the work that the attorney performed. LR 54-14(a)–(b). After calculating a lodestar figure, the court may review the reasonableness of the award under the twelve factors adopted by the Ninth Circuit in *Kerr v. Screen Extras Guild, Inc.*:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (citation omitted).

## II.     ANALYSIS

### A.  Fees

In their supplemental brief clarifying the hours expended on this work, Plaintiffs have proffered two alternative proposals for fee awards, which the Court will address in turn. *See* ECF No. 393 at 4.

---

[2] Local Rule 54-14(d) allows the Court to grant an unopposed motion for attorney's fees only after conducting an independent review of the record.

2

Principally, Plaintiffs request $61,120 in fees for a combined 128 hours of work. *Id.* This proposed fee award factors in reductions for block billing, an issue which both concerned the Court and contributed to the Court's ordering of supplementation. *Id.*

Alternatively, Plaintiffs request $56,734 in fees for a combined 119.4 hours of work. *Id.* Plaintiffs' alternative proposal omits all instances of block billing, rather than reducing to account for those instances. *Id.*

The Court accepts Plaintiffs' preferred proposal of hours expended as reasonable and thus need not further consider Plaintiffs' alternative proposal in the determination of any award of fees.

### i. Hourly Rates

Plaintiffs request reimbursement of 128 hours of work for a total of $61,120 in fees. *Id.* This amount is based on:

- A total of 112 hours of work performed by Leon Greenberg, Esq. at an hourly rate of $510;

- A total of 16 hours of work performed by Ruthann Devereaux-Gonzalez, Esq. at an hourly rate of $250.

*Id.*

In determining a reasonable hourly rate through the lodestar method, the Court should look to the "prevailing market rates in the relevant community." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013) (internal quotations omitted). Additionally, "[w]ithin this geographic community, the district court should 'take into consideration the experience, skill, and reputation of the attorney[.]'" *Id.* at 1205-1206 (citing *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005)).

"For the Las Vegas market, this court has regularly awarded fees where the hourly rates at issue [for attorneys] were between $250 and $400[,]" dependent on various factors including experience. *Scott v. Smith's Food and Drug Centers, Inc.*, Case No. 2:18-cv-303-JCM-VCF, 2020 WL 343642, at *2 (D. Nev. Jan. 21, 2020) (compiling cases). Recently, the Court has found an hourly rate of $500 reasonable for attorneys with 18-30 years of experience. *Flynn v. Love*, No. 319CV00239MMDCLB, 2022 WL 2918989, at *2 (D. Nev. July 25, 2022) (cleaned up).

1    Moreover, an hourly rate of $550 was deemed reasonable for an attorney with 40 years of

2    experience. *Id*. at *3.

3        The Court finds that Mr. Greenberg's current hourly rate of $510 is reasonable, relative to

4    the above-mentioned cases, given he has more than 30 years of litigation experience.[3] ECF No.

5    383 at 3. Additionally, Mr. Greenberg specializes in "class and collective action wage and hour

6    and FLSA claims[,]" experience highly relevant to the case at bar. ECF No. 280 at 4.

7        The Court likewise finds that Ms. Devereaux-Gonzalez's hourly rate of $250 after "two

8    years of post-admission practice experience" (ECF No. 383 at 3) is reasonable, relative to the

9    Court's prior awards of fees in this matter. *See* ECF No. 305 at 3 (finding an hourly rate of $350

10   reasonable for attorneys with nine or 10 years of legal experience).

11       Accordingly, the Court finds that Plaintiffs' hourly rates for Mr. Greenberg and Ms.

12   Devereaux-Gonzalez are reasonable.

13                              **ii.    Number of Hours Expended**

14       The amount of time for which reimbursement is requested totals 128 hours of work. *See*

15   ECF No. 393 at 4. This total corresponds to: (1) 73.3 hours of work done by Mr. Greenberg and

16   11.8 hours of work done by Ms. Devereaux-Gonzalez in connection with the Awad deposition, (2)

17   36.6 hours of work done by Mr. Greenberg and 4.2 hours of work done by Ms. Devereaux-

18   Gonzalez in connection with the Western Cab deposition, and (3) 2.1 hours of work to account for

19   Mr. Greenberg's overlap in hours expended in connection with both depositions. *Id.*

20       A review of Plaintiffs' billing records demonstrates the time was spent engaged in

21   reasonable, non-duplicative, and necessary work. Accordingly, the Court finds reasonable the

22   combined 128 hours Plaintiffs' attorneys spent in connection with both depositions.

23                              **iii.    *Kerr* Factors**

24       The Ninth Circuit "requires that courts reach attorney's fees decisions by considering

25   some or all of the twelve relevant" *Kerr* factors. *Quesada v. Thomason*, 850 F.2d 537, 539 (9th

26

27   ─────────────
     [3] Compared to his prior motions for attorney's fees (ECF Nos. 280, 332), Mr. Greenberg has increased his requested
     hourly rate from $475 to $510. Given this figure still falls within the reasonable range as discussed in this Order, the

28   Court does not find this increased rate to be unreasonable.

                                                    4

Cir. 1988). While the Court is not required to consider all twelve *Kerr* factors, the Court is required to at least consider "those most relevant to the particular case." *Id.* (citing *Kessler v. Associates Fin. Servs. Co.*, 639 F.2d 498 (9th Cir. 1981)).

Plaintiffs provided the following information necessary for the Court to determine that the requested fees are reasonable:

- Hourly rates and levels of experience for both Mr. Greenberg and Ms. Devereaux-Gonzalez;[4]
- The number of combined hours of work spent in connection with the depositions of Defendant Awad and Defendant Western Cab;[5]
- Adequate descriptions of the labor involved of those hours;[6] and
- Reference to this Court's two previous orders awarding attorney's fees.[7]

In consideration of the above-mentioned information, the Court's award of fees need not be adjusted based on the *Kerr* factors. Additionally, the information provided by Plaintiffs complies with Local Rule 54-14.

### B. Costs

Plaintiffs request reimbursement for costs of $1,065.55, which the Court will grant. This amount includes $753.05 (*see* ECF No. 383, Ex. C; ECF No. 385, Ex. C) in court reporter services and $312.50 (ECF No. 383, Ex. C) in legal videographer services for Defendants Awad and Western Cab's failure to appear for their respective depositions.[8]

The Court finds that the requested costs are sufficiently itemized and reasonable.

### III.   CONCLUSION

Accordingly, the Court awards **fees** in the following amount:

- Mr. Greenberg: $57,120 for 112 hours at an hourly rate of $510; and,

---

[4] *See* ECF No. 383 at 3; ECF No. 385 at 3.
[5] *See* ECF No. 393.
[6] *Id.*
[7] *See* ECF No. 383 at 2; ECF No. 385 at 2.
[8] The $312.50 in costs for legal videographer services corresponds only to the deposition of Defendant Awad. No reimbursement was requested the costs of such services related to the deposition of Defendant Western Cab. *See* ECF No. 385, Ex. C.

1    • Ms. Devereaux-Gonzalez: $4,000 for 16 hours at an hourly rate of $250.

2    Additionally, the Court awards **costs** in the following amount:

3    • For court reporter services: $753.05.

4    • For legal videographer services: $312.50.

5    **IT IS THEREFORE ORDERED** that Plaintiffs' Motions for Attorney's Fees (ECF Nos.

6    383, 385) are **GRANTED** consistent with this Order.

7    **IT IS FURTHER ORDERED** Defendants are to pay $62,185.55 to attorney Leon

8    Greenberg by **July 17, 2024.**

9

10   DATED: June 17, 2024.

11

12   _____
     BRENDA WEKSLER
13   UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28